STATE OF VERMONT

ENVIRONMENTAL COURT

```
                              }
In re: Appeal of              }
  Bruce and Marianne Dubuque  }        Docket No. 105-5-00 Vtec
                              }
                              }
```

Decision and Order on Cross-Motions for Summary Judgment

Appellants appealed from a decision of the Development Review Board (DRB) of the Town of Grand Isle denying their appeal from the Zoning Administrator's denial of their application to subdivide a single lot into two lots. Appellants have appeared and represent themselves; the Town is represented by Amanda S.E. Lafferty, Esq. The parties have filed cross-motions for summary judgment.

In addition, Appellants have withdrawn Questions 10, 11, 12 and 13 of their Statement of Questions.

The following facts are undisputed except where otherwise noted.

Appellants own a 17-acre parcel of land improved with a single family dwelling which uses a conventional subsurface wastewater disposal system, and with a small barn. They propose to divide the lot into two lots: a 10.5-acre parcel containing the house and septic system ("the House Lot"), and the 6.5-acre parcel containing the barn, hay meadow and open land ("the Barn Lot").

The Zoning Bylaw of the Town of Grand Isle was adopted in March of 1999. It contains both the Zoning Regulations and the Subdivision Regulations. However, due to the definitions of "major subdivision" and "minor subdivision," the Subdivision Regulations found at Articles VII through XV of the Bylaw do not apply to a two-lot residential subdivision. Rather, the only mentions of a two-lot subdivision are in §§330(A) and 350(A). Section 350(A) exempts a two-lot subdivision from prior site plan approval. Section 330(A) allows the Zoning Administrative Officer (ZAO) to issue permits directly for single and two-family dwellings, for agricultural uses, for permitted uses as defined in Articles IV and VI, and for two-lot subdivisions. However, there are no standards whatever in the Zoning

1

Bylaws for the grant or denial of permits for two-lot subdivisions.

In addition, Article XVI of the Zoning Bylaw governs wastewater disposal systems. Section 1610 requires all wastewater disposal systems to be built, altered, repaired and used in accordance with Article XVI. Under §1620(A), systems serving existing single family residences do not need a disposal system construction permit unless some there is a change in the use of the structure served by the system, or unless structural work occurs which "involves or may affect" the system. Section 1655(A) requires the owner of "any property, the useful occupancy of which requires a wastewater disposal system" to apply for a disposal system construction permit.

The Town argues that this language requires a lot to obtain a wastewater disposal permit if the lot could, at any time in the future, require a septic system. However, this interpretation conflicts with the remainder of §1655. That is, this interpretation would require landowners who have no intention or at least no present plans to build a building on their property, to pay for the engineering investigation necessary to submit plans for a septic system they have no intention of installing, and then to pay again in two years to reapply, as the permit becomes void after two years if the system is not constructed. §1655(B). Rather, an interpretation which makes sense of the statute as a whole would require septic system plans to be submitted only prior to any permit to construct any structure requiring waste disposal, or if a system or other structure is altered or changed in use. The "useful occupancy" language evidently functions to prevent the construction of residences and other occupied buildings which use outhouses or other alternative septic systems, without obtaining a permit approving such alternatives. Of course, by subdividing without first obtaining a wastewater disposal permit, the landowner or subsequent purchaser runs the risk that the subdivided parcel may not qualify for any development which requires a septic system. But that risk is left to the landowner under the Grand Isle Zoning Bylaw.

Because there are no criteria in the Zoning Bylaws for two-lot subdivisions, the ZAO would only be authorized to deny such a permit if the grant of the permit would cause or create a violation of the other Zoning Bylaws. For example, if a proposed two-lot subdivision would leave one of the lots with insufficient land to meet the minimum lot area

2

requirements for the district in which it is located, the subdivision permit could be denied. Similarly, if land were subdivided from a lot with a structure, in a way which would leave the structure with an inadequate side setback, the subdivision permit could be denied. If the subdivision were to leave inadequate isolation distances for the existing septic system on the House Lot, it could be denied. Accordingly, while no wastewater disposal permit was required for the House Lot, Appellants had to demonstrate on the application that the lots resulting from the subdivision would meet all the setbacks and isolation distances required by the regulations. The sketch attached to the application states for the House Lot that the existing leach field is 65' to 90' from the south property line, which does not meet the 100-foot distance required by §1610, Table I. It shows a replacement area, but does not state the distance of the replacement area from the front property line, from the house itself, from any water supply, or from the new property line between the House Lot and the Barn Lot. Table I also allows the distances to be reduced "when evident that the distance is unnecessary to protect an item," giving the ZAO some discretion to approve reduced distances.

In the present case, the parties reached an impasse when the ZAO required Appellants to provide plans for a septic system on the Barn Lot, and ruled the application incomplete when Appellants declined to provide the plans. The application form states "ALL LOTS REQUIRE SEPTIC PLANS," but in fact, as discussed above, the Zoning Bylaw does not require septic plans to be provided, or a disposal permit to be obtained, for lots which are not sought to be developed. The ZAO denied the application as incomplete; the DRB upheld the denial, and therefore the two-lot subdivision permit was never acted on on its merits.

Accordingly, based on the foregoing, Appellants' Motion for Summary Judgment is GRANTED in PART and the Town's Motion for Summary Judgment is DENIED. No septic plans are required for the Barn Lot in order to qualify for approval of a two-lot subdivision. However, the application must demonstrate that both resulting lots would comply with the other provisions of the Zoning Bylaw, including the isolation distances required for the existing system on the House Lot (or any information necessary to determine whether

3

those distances can be reduced). As the ZAO has not had the opportunity to rule on that application on its merits, this matter is hereby remanded for a complete application to be filed and acted upon by the ZAO.

This decision and order concludes the appeal in this Court. If this matter should again be appealed after remand, the Court will entertain a request to waive the filing fee, which must be made with the filing of the notice of appeal and which should make reference to the docket number of the present case.

Done at Barre, Vermont, this 7th day of December, 2000.


_____
Merideth Wright
Environmental Judge